NOT FOR PUBLICATION                    (Docket Nos. 66, 69, 71)

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY
### CAMDEN VICINAGE


_____  :
                                 :
EMORY E. GIBSON, JR.,            :
                                 :
            Plaintiff,           :     Civil No. 02-5470 (RBK)
      v.                         :     **OPINION**
                                 :
SUPERINTENDENT OF NEW JERSEY     :
DEPARTMENT OF LAW & PUBLIC       :
SAFETY-DIVISION OF STATE         :
POLICE, et al.,                  :
                                 :
            Defendants.          :
_____  :


**KUGLER**, United States District Judge:

     This matter comes before the Court on cross motions for

clarification by Plaintiff Emory E. Gibson, Jr. ("Plaintiff"),

Defendant New Jersey Turnpike Authority ("NJTA"), Defendants Sean

Reilly and J.W. Pennypacker ("Reilly and Pennypacker"), and

Defendants Peter Verniero, Ronald Susswein, John Fahy, and George

Rover ("Attorney General Defendants"), to determine which claims

remain on remand in this civil action after the Third Circuit

affirmed in part and reversed in part the opinions and orders of

this Court in Gibson v. Superintendent of New Jersey Department

of Law and Public Safety, 411 F.3d 427, 446 (3d Cir. 2005). For

the reasons set forth below, this Court concludes that the issues

remaining for trial are Plaintiff's claims for: (1) selective

enforcement under the Fourteenth Amendment against Defendants

Reilly and Pennypacker; (2) unconstitutional search and seizure,

including Plaintiff's alleged detention, arrest, and false

imprisonment, under the Fourth Amendment against Defendants

Reilly and Pennypacker; (3) conspiracy between Defendants Reilly

and Pennypacker under 42 U.S.C. § 1983 and § 1985; and (4)

Plaintiff's state law claims against the NJTA, the Attorney

General Defendants, and Reilly and Pennypacker.[1] Plaintiff's

access to court claims for failure to provide exculpatory

evidence are dismissed in their entirety.

## I.   **Background**[2]

On October 28, 1992, New Jersey State Troopers Reilly and

Pennypacker stopped a vehicle containing three black occupants on

---

[1] The Attorney General Defendants concede that claims remain
against them for violations of the Fourteenth and Fourth
Amendments. (Att'y Gen. Def. Br., filed July 21, 2006.) However,
nothing in Plaintiff's filings indicate that he is pursuing these
claims against the Attorney General Defendants. See Pl. Br.,
filed Apr. 26, 2006, at 1 (naming only "State Troopers Reilly and
Pennypacker" under the Federal Claims); Pl. Opp'n, filed July 19,
2006, at 2 (omitting any mention of the Attorney General
Defendants in conjunction with Plaintiff's Fourth and Fourteenth
Amendment claims). Nor does the Third Circuit address any claim
against these defendants, aside from the access to courts issue.
Gibson, 411 F.3d at 446 (noting that "Gibson's claim against the
Attorney General defendants was properly dismissed").

[2] Because the parties are by now intimately familiar with
the history of this litigation, and because the factual
background is recounted in detail in this Court's opinion of
December 12, 2003, this Opinion will include only those facts
pertinent to the disposition of the motions presently before the
Court.

the New Jersey Turnpike. Reilly and Pennypacker searched the
automobile, discovered drugs, and arrested the three occupants
for possession. Plaintiff, a passenger in the vehicle at the time
of the stop, was subsequently convicted of two counts of drug
offenses in the Superior Court of New Jersey, Salem County, on
April 21, 1994. While incarcerated, Plaintiff filed a motion for
post-conviction relief on February 18, 1999. The Superior Court
of New Jersey granted Plaintiff's motion to dismiss on April 19,
2002, vacating his conviction on the grounds that "there was a
colorable basis to believe that Plaintiff's stop and arrest was
the result of an unlawful racial profiling stop." (Opn., Dec. 12,
2003, at 10.)

Plaintiff filed the above-captioned civil action on November
14, 2002, against Defendants Trooper Reilly and Pennypacker,
Superintendent, New Jersey Department of Law and Public Safety,
Division of State Police, Treasurer, State of New Jersey Treasury
Department, the Attorney General Defendants, including former New
Jersey Attorney General Peter Verniero, Deputy Attorney General
Ronald Susswein, Deputy Attorney General John Fahy, and Deputy
Attorney General George Rover, and the NJTA.

On December 12, 2003, this Court issued an Order ("December
Opinion and Order") dismissing as time-barred Plaintiff's claims
for unreasonable stop and search under the Fourth Amendment,
(Opn., Dec. 12, 2003, at 20), Plaintiff's claims against the New

Jersey State Police for failure to train, supervise, or remedy discrimination, (Opn., Dec. 12, 2003, at 25), and Plaintiff's claims for selective enforcement under the Fourteenth Amendment, (Opn., Dec. 12, 2003, at 23-24).[3] The Court also dismissed Plaintiff's claims for malicious prosecution, (Opn., Dec. 12, 2003, at 21), and for mistaken imprisonment against the Treasurer of New Jersey, (Opn., Dec. 12, 2003, at 34). The Court declined to dismiss Plaintiff's access to courts claim, requesting oral argument and further briefing on the issue of whether Defendants had qualified immunity. (Opn., Dec. 12, 2003, at 32.)

In its Opinion of February 24, 2004 ("February Opinion and Order"), this Court dismissed Plaintiff's claim for denial of access to courts against Defendants Reilly and Pennypacker and the Attorney General Defendants on qualified immunity grounds. (Opn., Feb. 24, 2004, at 15.) The Court also dismissed as time-barred Plaintiff's conspiracy claim against Reilly and Pennypacker, (Opn., Feb. 24, 2004, at 16), and the claims against the NJTA, "encompassed in paragraphs 7, 54, and 76 of the complaint" for "absence of any facts supporting the allegations

---

[3] Although the Court addresses the statute of limitations issues presented by the claims against the NJTA in its December Opinion, the Court declined to consider the NJTA's entitlement to relief since the NJTA did not file a formal motion to dismiss. (Opn., Dec. 12, 2003, at n.1.)

against the NJTA,"[4] (Opn., Feb. 24, 2004, at 16-17.) Lastly, the

Court dismissed the state law claims in Counts 5 through 7 for

lack of jurisdiction since all federal claims had been

terminated. (Opn., Feb. 24, 2004, at 19.)

Plaintiff appealed this Court's December and February

Opinions and Orders to the Third Circuit. In an Opinion issued

June 14, 2005, the Third Circuit affirmed in part and reversed in

part the decision below. In particular, the Third Circuit

reinstated Plaintiff's claims in "Count One under 42 U.S.C. §

1983 that the Troopers violated his Fourth Amendment rights, and

unconstitutionally subjected him to selective enforcement of the

laws in violation of the Equal Protection Clause of the

Fourteenth Amendment," Plaintiff's conspiracy claims under 42

U.S.C. §§ 1983 and 1985, and "the state law claims." Gibson, 411

F.3d at 446. The Court affirmed the "dismissal of all the

remaining claims." Id. The parties subsequently filed cross-

motions for clarification of the claims remaining after remand.

## II.  Analysis

As an initial matter, it is undisputed that the Third

---

[4] These allegations include Plaintiff's claims that the NJTA
"had a practice of failure to train, discipline and supervise the
New Jersey State Police officers who patrolled the Turnpike,
failing to establish a meaningful department system for handling
complaints, failing to promptly notify courts and the public of
racial profiling evidence, and intentionally suppressing known
evidence of racial profiling that would have benefitted Gibson."
(Opn., Feb. 24, 2004, at 16-17.)

Circuit reinstated Plaintiff's Fourteenth Amendment selective
enforcement claim and Plaintiff's § 1983 and § 1985 claims for
conspiracy between Defendants Reilly and Pennypacker. (Reily &
Pennypacker Br., filed July 6, 2006, at 2.)

All parties further agree that the Third Circuit remanded
Plaintiff's Fourth Amendment claims for unconstitutional search
and seizure against Defendants Reilly and Pennypacker. (Reily &
Pennypacker Mot., filed July 6, 2006, at 2.) Although it is
unclear whether any defendants dispute the reinstatement of
Plaintiff's Fourth Amendment claims for detention, false arrest,
and false imprisonment, a fair reading of the Third Circuit
Opinion remands all Fourth Amendment claims. The majority
opinion, authored by Judge Fuentes, does not individually address
the various Fourth Amendment claims, but instead analyzes them
generally as a "§ 1983 claim for false arrest and imprisonment."[5]
Gibson, 411 F.3d at 451. Because the Third Circuit considered
these claims as a whole, there is no grounds for this Court to
conclude that only some, but not all, of the Fourth Amendment
claims were remanded. Id. at 452.

The parties do appear to dispute the posture of Plaintiff's

_____

[5] The false arrest, detention, and imprisonment claims are
parsed out in Part III. A. of Judge Van Antwerpen's Opinion;
however, this section of the Opinion constitutes the dissent and
is therefore not binding. Gibson, 411 F.3d at 436-37; see also
Id. at 446 (commencing Judge Fuentes' Majority Opinion as to Part
III. A).

state law claims against the NJTA and for deprivation of access to courts. A discussion of these claims follows.

## A.    Access to Court Claims

The parties contest the remand of Plaintiff's access to court claims for Defendants' failure to disclose exculpatory information as required by Brady v. Maryland, 373 U.S. 83 (1963). The parties agree, consistent with the Third Circuit's decision, that Plaintiff's federal access to court claims against Reilly and Pennypacker and the Attorney General Defendants remain dismissed. However, Plaintiff counsel's letter to the Court, dated April 26, 2006, evidences a belief that the Third Circuit reinstated state constitutional claims against these defendants "for their failure to provide exculpatory evidence regarding racial profiling practices to the plaintiff." (Pl. Letter, filed April 26, 2006, at 2; Pl. Br. filed July 17, 2006 ¶ 6.) Reilly and Pennypacker contend that although "the State Law constitutional claims against [them] were reinstated by the Third Circuit . . . , this would not include any claim based on the alleged Brady violation as the Third Circuit affirmed the dismissal based on that allegation." (Reilly and Pennypacker Br., filed July 6, 2006, at 3.) The Attorney General Defendants join Reilly and Pennypacker's request for relief. (Attn'y General Def. Br., filed July 21, 2006, at 2.)

Without distinguishing between state and federal claims, the

Third Circuit affirmed dismissal of Plaintiff's access to court claim against Reilly and Pennypacker, finding that they "are entitled to qualified immunity with regard to their failure to inform the prosecutor of <u>Brady</u> material." <u>Gibson</u>, 411 F.3d at 443. The Court also declined to reinstate the claims against the Attorney General Defendants on the basis that "Gibson failed to adequately describe the civil litigation opportunities he claims he lost." <u>Id.</u> at 444. The Third Circuit further concluded that the Attorney General Defendants neither had any "duty to disclose potentially exculpatory evidence to a convicted criminal after the criminal proceedings have concluded," nor "*deprived* Gibson of his access to the courts." <u>Id.</u> at 444-45 (emphasis in original). Ultimately, the Court found that "[t]he fact that the Attorney General defendants' actions had the unfortunate result of perpetuating his incarceration until 2000 is insufficient under the circumstances to establish a cause of action." <u>Id.</u> at 445-46. From this analysis, it seems likely that the Third Circuit intended to affirm dismissal of all claims related to the alleged failure to disclose exculpatory evidence.

Regardless of the applicability of the Third Circuit's analysis to access to court claims under state law, however, Plaintiff never alleged any such claims in the Complaint. In particular, Count 5 of Plaintiff's Complaint, addressing Plaintiff's state constitutional claims, nowhere mentions a

failure to disclose exculpatory evidence. (Compl. ¶ 92-94.) Although Plaintiff does allege, in Count 7, that Defendants failed "to disclose to Plaintiff evidence that would have exonerated him," this Count merely establishes Plaintiff's claim for violation of N.J.S.A. § 52:4C, the mistaken imprisonment statute, and does not state a claim for failure to disclose exculpatory evidence. Because Plaintiff has not alleged an access to courts claim under state law and the Third Circuit affirmed dismissal of all such claims under federal law, Plaintiff cannot pursue any claims for the alleged failure to disclose exculpatory evidence.

**B.    State Law Claims against the New Jersey Turnpike Authority**

Finally, the parties dispute the reinstatement of claims against Defendant NJTA. Plaintiff concedes that "the *federal* claims against the NJTA were not remanded." (Pl. Opp'n, filed July 19, 2006, at ¶ 6) (emphasis in original). However, Plaintiff contends that the state law claims against the NJTA were reinstated, including Plaintiff's claims of failure to train and supervise and for liability under a theory of respondeat superior. The NJTA argues that the Third Circuit affirmed dismissal of all claims against the NJTA since Plaintiff waived his opportunity to challenge the District Court's "determination that the action was time-barred as against the authority." (Auth. Br., filed July 31, 2006, at 2.)

The Third Circuit does not directly address the state law
claims against the NJTA and it is not evident from the Opinion
alone whether the Third Circuit contemplated remand of these
claims.[6] On the one hand, the language of the Opinion is broad,
affirming "the dismissal of the claims against the NJTA," and
specifying that Plaintiff waived the opportunity to challenge the
dismissal of "the action" against the NJTA, without limiting
waiver to the federal claims. On the other hand, the Third
Circuit explicitly discusses only the allegations of "Count One,"
Plaintiff's § 1983 claim, alleging "that the NJTA had notice of
the NJSP's practice of racial profiling, tolerated the practice,
failed to properly discipline, restrict or control employees,
failed to take adequate precautions in hiring personnel, and

---

[6] The entirety of the Third Circuit's discussion of claims
against the NJTA consists of the following:

D. The Failure to Train Claim
Gibson alleges in Count One that the NJTA had notice of
the NJSP's practice of racial profiling, tolerated the
practice, failed to properly discipline, restrict or
control employees, failed to take adequate precautions
in hiring personnel, and intentionally suppressed known
evidence of racial profiling that would have benefitted
Gibson if brought during his prosecution or afterward.
The District Court dismissed these claims noting that
the action was time-barred and no facts were alleged to
support these claims. Although Gibson challenges the
Court's determination that no facts were alleged to
support this claim, he fails to challenge the
determination that the action is time-barred and we
deem the issue waived. Wisniewski v. Johns-Manville
Corp., 812 F.2d 81, 88 (3d Cir. 1987). Accordingly, we
affirm the dismissal of the claims against the NJTA.
Gibson, 411 F.3d at 446.

intentionally suppressed known evidence of racial profiling that would have benefitted Gibson if brought during his prosecution or afterward." Gibson, 411 F.3d at 446. The Third Circuit concludes more generally that it "will also reinstate the state law claims," without restricting the remanded state law claims to any particular defendants. Gibson, 411 F.3d at 446. However, this discussion of state law claims is solely in the context of claims against Troopers Reilly and Pennypacker, obfuscating whether the Court intended to remand all state law claims or only those against the Troopers.

    In any event, an examination of the procedural disposition of this litigation reveals that the state law claims against the NJTA are indeed reinstated. In its February Opinion, this Court dismissed all federal claims against the NJTA as time-barred and for Plaintiff's failure to allege any facts supporting its allegations that the NJTA possessed evidence of racial profiling or had a policy, practice or custom of suppressing such evidence. (Opinion, filed Feb. 24, 2004, at 17.) The Third Circuit subsequently declined to reach Plaintiff's challenge to this holding, concluding instead that Plaintiff waived his opportunity to contest the statute of limitations issue. On this basis, the Third Circuit upheld dismissal of the claims against the NJTA.

    The Third Circuit affirmance could not extend to the state law claims against the NJTA, because this Court's February

Opinion and Order addressed only the federal claims established in "paragraphs 7, 54, and 76 of the complaint," without reaching the state constitutional claims alleged in paragraph 94. (Opn., filed Feb. 24, 2004, at 16.) In other words, this Court never addressed, in either the December or February Opinions and Orders, whether Plaintiff's state law claims against the NJTA were time-barred or insufficiently alleged. Rather, once this Court dismissed the federal claims, it simply declined to exercise subject matter jurisdiction over alleged violations of state law. (Opn., Feb. 24, 2004, at 19.) Plaintiff's waiver of the statute of limitations issue could not, therefore, extend to Plaintiff's state law claims because this issue was never decided as to these claims. Accordingly, because the reinstatement of various federal claims revives this Court's supplemental jurisdiction over the state law claims, the state law claims against the NJTA are indeed remanded for trial.

## C.   Conclusion

Accordingly, the following claims have been reinstated for adjudication by this Court: (1) Plaintiff's claim for unconstitutional search and seizure against Defendants Reilly and Pennypacker, including Plaintiff's alleged detention, arrest, and false imprisonment under the Fourth Amendment; (2) Plaintiff's Fourteenth Amendment selective enforcement claim against Defendants Reilly and Pennypacker; (3) Plaintiff's claim of a

conspiracy between Defendants Reilly and Pennypacker under § 1983

and § 1985; and (4) Plaintiff's state law claims against the

NJTA, the Attorney General Defendants, and Reilly and

Pennypacker.

     The accompanying Order shall issue today.


Dated: <u>August 16, 2006</u>       <u>s/Robert B. Kugler</u>
                          ROBERT B. KUGLER
                          United States District Judge