IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| EMORY E. GIBSON, JR., | : |
| Plaintiff, | : Civil No. 02-5470 (RBK) |
| v. | : **OPINION** |
| SUPERINTENDENT OF NEW JERSEY DEPARTMENT OF LAW & PUBLIC SAFETY-DIVISION OF STATE POLICE, et al., | : |
| Defendants. | : |

Presently before the Court are motions by defendant New Jersey Turnpike Authority ("NJTA") and defendants Peter Verniero, Ronald Susswein, John Fahy, and George Rover (the "Attorney General Defendants") seeking reconsideration and clarification of this Court's March 29, 2007 Order granting in part and denying in part motions to dismiss the claims of plaintiff Emory E. Gibson, Jr. ("Plaintiff"). For the reasons set forth below, this Court will grant the Attorney General Defendants' motion and grant in part and deny in part the NJTA's motion.

I.  BACKGROUND[1]

On October 28, 1992, New Jersey State Troopers Reilly and Pennypacker stopped a

---

[1] Because the parties are by now intimately familiar with the history of this litigation, and because the factual background is recounted in detail in this Court's opinion of December 12, 2003, this Opinion will include only those facts pertinent to the disposition of the motions presently before the Court.

vehicle containing three black occupants on the New Jersey Turnpike. Reilly and Pennypacker searched the automobile, discovered drugs, and arrested the three occupants for possession. Plaintiff, a passenger in the vehicle at the time of the stop, was subsequently convicted of two counts of drug offenses in the Superior Court of New Jersey, Salem County, on April 21, 1994. While incarcerated, Plaintiff filed a motion for post-conviction relief on February 18, 1999. The Superior Court of New Jersey granted Plaintiff's motion to dismiss on April 19, 2002, vacating his conviction on the grounds that "there was a colorable basis to believe that Plaintiff's stop and arrest was the result of an unlawful racial profiling stop." (Opn., Dec. 12, 2003, at 10.)

Plaintiff filed the above-captioned civil action on November 14, 2002, against Defendants Trooper Reilly and Pennypacker, Superintendent, New Jersey Department of Law and Public Safety, Division of State Police, Treasurer, State of New Jersey Treasury Department, the Attorney General Defendants, including former New Jersey Attorney General Peter Verniero, Deputy Attorney General Ronald Susswein, Deputy Attorney General John Fahy, and Deputy Attorney General George Rover, and the NJTA.

On December 12, 2003, this Court issued an Order ("December Opinion and Order") dismissing as time-barred Plaintiff's claims for unreasonable stop and search under the Fourth Amendment, (Opn., Dec. 12, 2003, at 20), Plaintiff's claims against the New Jersey State Police for failure to train, supervise, or remedy discrimination, (Opn., Dec. 12, 2003, at 25), and Plaintiff's claims for selective enforcement under the Fourteenth Amendment, (Opn., Dec. 12, 2003, at 23-24).[2] The Court also dismissed Plaintiff's claims for malicious prosecution, (Opn.,

---

[2] Although the Court addresses the statute of limitations issues presented by the claims against the NJTA in its December Opinion, the Court declined to consider the NJTA's entitlement to relief since the NJTA did not file a formal motion to dismiss. (Opn., Dec. 12,

Dec. 12, 2003, at 21), and for mistaken imprisonment against the Treasurer of New Jersey, (Opn., Dec. 12, 2003, at 34). The Court declined to dismiss Plaintiff's access to courts claim, requesting oral argument and further briefing on the issue of whether Defendants had qualified immunity. (Opn., Dec. 12, 2003, at 32.)

In its Opinion of February 24, 2004 ("February Opinion and Order"), this Court dismissed Plaintiff's claim for denial of access to courts against Defendants Reilly and Pennypacker and the Attorney General Defendants on qualified immunity grounds. (Opn., Feb. 24, 2004, at 15.) The Court also dismissed as time-barred Plaintiff's conspiracy claim against Reilly and Pennypacker, (Opn., Feb. 24, 2004, at 16), and the claims against the NJTA, "encompassed in paragraphs 7, 54, and 76 of the complaint" for "absence of any facts supporting the allegations against the NJTA,"[3] (Opn., Feb. 24, 2004, at 16-17.) Lastly, the Court dismissed the state law claims in Counts 5 through 7 for lack of jurisdiction since all federal claims had been terminated.[4] (Opn., Feb. 24, 2004, at 19.)

Plaintiff appealed this Court's December and February Opinions and Orders to the Third Circuit. In an Opinion issued June 14, 2005, the Third Circuit affirmed in part and reversed in part the decision below. In particular, the Third Circuit reinstated Plaintiff's claims in "Count

---

2003, at n.1.)

[3] These allegations include Plaintiff's claims that the NJTA "had a practice of failure to train, discipline and supervise the New Jersey State Police officers who patrolled the Turnpike, failing to establish a meaningful department system for handling complaints, failing to promptly notify courts and the public of racial profiling evidence, and intentionally suppressing known evidence of racial profiling that would have benefitted Gibson." (Opn., Feb. 24, 2004, at 16-17.)

[4] The Complaint does not contain a Count 6.

3

One under 42 U.S.C. § 1983 that the Troopers violated his Fourth Amendment rights, and unconstitutionally subjected him to selective enforcement of the laws in violation of the Equal Protection Clause of the Fourteenth Amendment," Plaintiff's conspiracy claims under 42 U.S.C. §§ 1983 and 1985, and "the state law claims." Gibson v. Superintendent of New Jersey Department of Law and Public Safety, 411 F.3d 427, 446 (3d Cir. 2005). The Court affirmed the "dismissal of all the remaining claims." Id.

The parties subsequently filed cross-motions for clarification of the claims remaining after remand. In an Opinion issued August 16, 2006, this Court determined "that the issues remaining for trial [were] Plaintiff's claims for: (1) selective enforcement under the Fourteenth Amendment against Defendants Reilly and Pennypacker; (2) unconstitutional search and seizure, including Plaintiff's alleged detention, arrest, and false imprisonment, under the Fourth Amendment against Defendants Reilly and Pennypacker; (3) conspiracy between Defendants Reilly and Pennypacker under 42 U.S.C. § 1983 and § 1985; and (4) Plaintiff's state law claims against the NJTA, the Attorney General Defendants, and Reilly and Pennypacker." (Opn., Aug. 16, 2006, at 1-2.) This Court further determined that "Plaintiff's access to court claims for failure to provide exculpatory evidence [were] dismissed in their entirety." (Opn., Aug. 16, 2006, at 2.)

Defendants then filed motions to dismiss certain claims as time-barred. In an Order and Opinion dated March 29, 2007, this Court dismissed Plaintiff's state constitutional claims for false arrest, illegal search, and conduct that perpetuated discriminatory enforcement of the laws. This Court denied the motions to dismiss as to Plaintiff's state constitutional claim for racially selective enforcement of the laws. This Court further noted that Plaintiff's state law claim for

4

mistaken imprisonment remained before the Court.

In the motions presently before this Court, the Attorney General Defendants and the NJTA seek clarification and reconsideration of this March 29, 2007 Order, asserting that all claims against them have been dismissed, and that only claims against Troopers Reilly and Pennypacker remain.[5]

## II. STANDARD

Motions for reconsideration are not expressly recognized in the Federal Rules of Civil Procedure. United States v. Compaction Sys. Corp., 88 F. Supp.2d 339, 345 (D.N.J. 1999). Generally, a motion for reconsideration is treated as a motion to alter or amend judgment under Fed. R. Civ. P. 59(e), or as a motion for relief from judgment or order under Fed. R. Civ. P. 60(b). Id. In the District of New Jersey, Local Civil Rule 7.1(g) governs motions for reconsideration. Bowers v. NCAA, 130 F. Supp. 2d 610, 612 (D.N.J. 2001).

Local Civil Rule 7.1(g) permits a party to seek reconsideration by the Court of matters "which [it] believes the Court has overlooked" when it ruled on the motion. L. Civ. R. 7.1(g); see NL Industries, Inc. v. Commercial Union Ins. Co., 935 F. Supp. 513, 515 (D.N.J. 1996). The standard for reargument is high and reconsideration is to be granted only sparingly. See United States v. Jones, 158 F.R.D. 309, 314 (D.N.J. 1994). The movant has the burden of demonstrating either: "(1) an intervening change in the controlling law; (2) the availability of new evidence that

---

[5] This Court notes that the Certification of Susan P. Gilbert, Esq. attached to the NJTA's motion violates Local Civil Rule 7.2(a)'s requirement that "[a]ffidavits shall be restricted to statements of fact within the personal knowledge of the affiant. Argument of the facts and the law shall not be contained in affidavits. Legal arguments and summations in affidavits will be disregarded by the Court and may subject the affiant to appropriate censure, sanctions, or both."

was not available when the court [issued its order]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999) (citing N. River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995)). The Court will grant a motion for reconsideration only where its prior decision has overlooked a factual or legal issue that may alter the disposition of the matter. Compaction Sys. Corp., 88 F. Supp.2d at 345; see also L. Civ. R. 7.1(g). "The word 'overlooked' is the operative term in the Rule." Bowers, 130 F. Supp. 2d at 612 (citation omitted); see also Compaction Sys. Corp., 88 F. Supp.2d at 345.

Ordinarily, a motion for reconsideration may address only those matters of fact or issues of law which were presented to, but not considered by, the court in the course of making the decision at issue. See Student Public Interest Research Group v. Monsanto Co., 727 F. Supp. 876, 878 (D.N.J.), aff'd, 891 F.2d 283 (3d Cir. 1989). Thus, reconsideration is not to be used as a means of expanding the record to include matters not originally before the court. Bowers, 130 F. Supp. 2d at 613; Resorts Int'l. v. Greate Bay Hotel and Casino, Inc., 830 F. Supp. 826, 831 (D.N.J. 1992); Egloff v. New Jersey Air Nat'l Guard, 684 F. Supp. 1275, 1279 (D.N.J. 1988). Absent unusual circumstances, a court should reject new evidence which was not presented when the court made the contested decision. See Resorts Int'l, 830 F. Supp. at 831 n.3. A party seeking to introduce new evidence on reconsideration bears the burden of first demonstrating that evidence was unavailable or unknown at the time of the original hearing. See Levinson v. Regal Ware, Inc., Civ. No. 89-1298, 1989 WL 205724 at *3 (D.N.J. Dec. 1, 1989).

Moreover, L. Civ. R. 7.1(g) does not allow parties to restate arguments which the court has already considered. See G-69 v. Degnan, 748 F. Supp. 274, 275 (D.N.J. 1990). Thus, a

difference of opinion with the court's decision should be dealt with through the normal appellate process. Bowers, 130 F. Supp. 2d at 612 (citations omitted); Florham Park Chevron, Inc. v. Chevron U.S.A., Inc., 680 F. Supp. 159, 162 (D.N.J. 1988); see also Chicosky v. Presbyterian Medical Ctr., 979 F. Supp. 316, 318 (D.N.J. 1997); NL Industries, Inc. v. Commercial Union Ins. Co., 935 F. Supp. 513, 516 (D.N.J. 1996) ("Reconsideration motions ... may not be used to re-litigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment."). In other words, "[a] motion for reconsideration should not provide the parties with an opportunity for a second bite at the apple." Tischio v. Bontex, Inc., 16 F. Supp. 2d 511, 533 (D.N.J. 1998) (citation omitted).

### III.  ANALYSIS

Defendants allege that this Court has previously dismissed Count VII of Plaintiff's Complaint, alleging a violation of state law for mistaken imprisonment. As Plaintiff does not contest this assertion, and has in fact made such representations in the past, this Court will hold that Count VII of Plaintiff's Complaint is dismissed as to all defendants.

The Attorney General Defendants argue that no claims remain against them, as Count V of Plaintiff's Complaint, which at this point consists only of a state constitutional claim for racially selective enforcement of the laws, does not apply to them. As Plaintiff acknowledges that all claims as to the Attorney General Defendants are dismissed, this Court will grant the Attorney General Defendants' motion for reconsideration and dismiss all claims against the Attorney General Defendants.

Finally, the NJTA argues that all claims against them are similarly dismissed. Plaintiff

disputes this assertion, noting that the state constitutional claim for racially selective enforcement of the laws contained in Count V of the Complaint is applicable against the NJTA. In support of its argument, the NJTA claims that Plaintiff has repeatedly represented to this Court that his claims against the NJTA "were limited to claims for failure to train and supervise and for <u>respondeat superior</u> liability." (Def.'s Reply Br. at 2.) This Court notes that liability for failure to train and <u>respondeat superior</u> are not violations of the law unto themselves; rather, Plaintiff alleges that the NJTA is liable for a failure to train and for <u>respondeat superior</u> liability **based on** the Troopers' alleged violation of the state constitution for racially selective enforcement of the laws. This allegation is clear from the language contained in Count V of the Complaint, which alleges that the NJTA is liable for the Troopers' alleged unconstitutional conduct. This Court's August 16, 2006 Opinion made clear that state constitutional claims remained against the NJTA, and this Court's March 29, 2007 Opinion dismissed all of these claims except for that alleging racially selective enforcement of the laws. Accordingly, insofar as the NJTA seeks reconsideration of this Court's holding that Plaintiff's state constitutional claim for racially selective enforcement of the laws remains against the NJTA, this Court will deny the NJTA's motion.

## IV.   CONCLUSION

Based on the foregoing reasoning, this Court will grant the Attorney General Defendants' motion for reconsideration and grant in part and deny in part the NJTA's motion for reconsideration. All claims against the Attorney General Defendants are dismissed. A state constitutional claim remains against the NJTA for racially selective enforcement of the laws.

Count VII is dismissed as to all defendants.  An accompanying Order shall issue today.


Dated: May 16, 2007                                      s/ Robert B. Kugler
                                                                                 ROBERT B. KUGLER
                                                                                 United States District Judge