**NOT FOR PUBLICATION**                    (Docket Entry Nos. 138, 146)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
## CAMDEN VICINAGE

| | |
|---|---|
| _____ : | |
| EMORY E. GIBSON, JR.,                                  : | |
|                                                        : | |
|                         Plaintiff,                     : | Civil No. 02-5470 (RBK) |
|                                                        : | |
|                    v.                                  : | **OPINION** |
|                                                        : | |
| SUPERINTENDENT OF NEW JERSEY            : | |
| DEPARTMENT OF LAW & PUBLIC              : | |
| SAFETY-DIVISION OF STATE                : | |
| POLICE, NEW JERSEY TURNPIKE             : | |
| AUTHORITY, SEAN REILLY, J.W.            : | |
| PENNYPACKER,                            : | |
|                                                        : | |
|                         Defendants.                    : | |
| _____: | |

**KUGLER**, United States District Judge:

Presently before the Court are motions by defendant New Jersey Turnpike Authority

("NJTA Defendant"), and defendant New Jersey State Troopers Sean Reilly and J. W.

Pennypacker ("Trooper Defendants") (collectively, "Defendants") to dismiss claims by plaintiff

Emory Gibson ("Plaintiff") alleging violations of his rights as guaranteed by the United States

and New Jersey Constitutions.  For the reasons set forth below, this Court will deny Defendants'

motions.

1

I.      **BACKGROUND**[1]

On October 28, 1992, New Jersey State Troopers Reilly and Pennypacker stopped a

vehicle containing three black occupants on the New Jersey Turnpike.  Reilly and Pennypacker

searched the automobile, discovered drugs, and arrested the three occupants for possession.

Plaintiff, a passenger in the vehicle at the time of the stop, was subsequently convicted of drug

offenses in the Superior Court of New Jersey, Salem County, on April 21, 1994.  While

incarcerated, Plaintiff filed a motion for post-conviction relief on February 18, 1999.  The

Superior Court of New Jersey vacated Plaintiff's conviction on April 19, 2002 on the grounds

that "there was a colorable basis to believe that Plaintiff's stop and arrest was the result of an

unlawful racial profiling stop."  Gibson I, at 10.

Plaintiff filed the above-captioned civil action on November 14, 2002, against Defendants

Trooper Reilly and Pennypacker, Superintendent, New Jersey Department of Law and Public

Safety, Division of State Police, Treasurer, State of New Jersey Treasury Department, the

Attorney General Defendants, including former New Jersey Attorney General Peter Verniero,

Deputy Attorney General Ronald Susswein, Deputy Attorney General John Fahy, and Deputy

Attorney General George Rover, and the NJTA.

On December 12, 2003, this Court dismissed as time-barred Plaintiff's claims for

unreasonable stop and search under the Fourth Amendment; Plaintiff's claims against the New

Jersey State Police for failure to train, supervise, or remedy discrimination; and Plaintiff's claims

---

[1] Because the parties are by now intimately familiar with the history of this litigation, and because the factual background is recounted in detail in this Court's first opinion in this case, Gibson v. Superintendent of New Jersey Dep't of Law and Public Safety, No. 02-5470 (D.N.J. Dec. 12, 2003) ("Gibson I") this Opinion will include only those facts pertinent to the disposition of the motions presently before the Court.

for selective enforcement under the Fourteenth Amendment.  Gibson v. Superintendent of New Jersey Dep't of Law and Public Safety, No. 02-5470 (D.N.J. Dec. 12, 2003) ("Gibson I").  The Court also dismissed Plaintiff's claims for malicious prosecution and for mistaken imprisonment against the Treasurer of New Jersey.  Gibson I.  The Court declined to dismiss Plaintiff's access to courts claim, requesting oral argument and further briefing on the issue of qualified immunity. In the second opinion in this case, Gibson v. Superintendent of New Jersey Dep't of Law and Public Safety, No. 02-5470 (D.N.J. Feb. 24, 2004) ("Gibson II"), this Court dismissed Plaintiff's claim for denial of access to courts against Defendants Reilly and Pennypacker and the Attorney General Defendants on qualified immunity grounds.  Gibson II, at 15.  The Court also dismissed as time-barred Plaintiff's conspiracy claim against Reilly and Pennypacker, and the claims against the NJTA for "absence of any facts supporting the allegations against the NJTA."  Gibson II, at 16-17.  Lastly, the Court dismissed the state law claims in Counts 5 and 7 for lack of jurisdiction, becase all federal claims had been terminated.[2]  Gibson II, at 19.

Plaintiff appealed this Court's decisions in Gibson I and II to the Third Circuit.  In an Opinion issued June 14, 2005, the Third Circuit affirmed in part and reversed in part.  Gibson v. Superintendent of New Jersey Dep't of Law and Public Safety, 411 F.3d 427 (3d Cir. 2005) ("Gibson III").  In particular, the Third Circuit reinstated Plaintiff's claims in "Count One under 42 U.S.C. § 1983 that the Troopers violated his Fourth Amendment rights, and unconstitutionally subjected him to selective enforcement of the laws in violation of the Equal Protection Clause of the Fourteenth Amendment," Plaintiff's conspiracy claims under 42 U.S.C. §§ 1983 and 1985, and "the state law claims."  Gibson III, 411 F.3d at 446.  The Court affirmed the "dismissal of all

---

[2] The Complaint does not contain a Count 6.

3

the remaining claims."  Id.

On cross-motions for clarification, this Court determined "that the issues remaining for trial [were] Plaintiff's claims for:  (1) selective enforcement under the Fourteenth Amendment against Defendants Reilly and Pennypacker; (2) unconstitutional search and seizure, including Plaintiff's alleged detention, arrest, and false imprisonment, under the Fourth Amendment against Defendants Reilly and Pennypacker; (3) conspiracy between Defendants Reilly and Pennypacker under 42 U.S.C. § 1983 and § 1985; and (4) Plaintiff's state law claims against the NJTA, the Attorney General Defendants, and Reilly and Pennypacker."  Gibson v. Superintendent of New Jersey Dep't of Law and Public Safety, No. 02-5470 (D.N.J. Aug. 16, 2006) ("Gibson IV").  This Court further determined that Plaintiff's access to court claims for failure to provide exculpatory evidence were dismissed.

In response to motions by the various Defendants to dismiss Plaintiff's claim, this Court concluded that the United States Supreme Court's decision in Wallace v. Kato, 127 S. Ct. 1091 (2007) effectively superceded the Third Circuit's decision with regard to Plaintiff's state constitutional claims of false arrest and illegal search.  Gibson v. Superintendent of New Jersey Dep't of Law and Public Safety, No. 02-5470 (D.N.J. Mar. 29, 2007) ("Gibson V").  This Court found that Wallace v. Kato did not act to bar Plaintiff's state claim for racially selective enforcement of the laws.  After the Attorney General and NJTA Defendants filed a motion for reconsideration, this Court dismissed all claims against the Attorney General Defendants and noted that the claim of selective enforcement of the laws remained against the NJTA Defendants. Gibson v. Superintendent of New Jersey Dep't of Law and Public Safety, No. 02-5470 (D.N.J. May 16, 2007) ("Gibson VI").  That order also dismissed Plaintiff's mistaken imprisonment

claim as to all Defendants.

In the motions now before the Court, the remaining Trooper Defendants and NJTA Defendants move once again to dismiss Plaintiff's complaint.

## II.     STANDARD

Defendants style their submission as a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) or, in the alternative, as a motion for summary judgment under Rule 56.  Plaintiff argues that Defendants' motion is premature in either case–under Rule 12(c) because no answer was filed after the case was remanded from the Third Circuit, and under Rule 56 because discovery has not yet concluded.  The Trooper Defendants have indeed filed an answer since the remand to this Court.  (Docket Entry No. 59).  The NJTA does not appear to have filed an answer.  Regardless, given the lengthy procedural history of this case, the Court will consider the motions of both the Trooper Defendants and the NJTA Defendants and will evaluate them under the Rule 12(c) standard.

A motion to dismiss pursuant to Fed. R. Civ. P. 12(c) is identical to one filed pursuant to Rule 12(b)(6), save for the fact that Rule 12(c) allows for a motion to be filed subsequent to the filing of an answer, while Rule 12(b)(6) allows for a motion to be made in lieu of an answer. Accordingly, the Court uses identical guidelines in evaluating motions made under either Rule. Turbe v. Virgin Islands, 938 F.2d 427, 428 (3d Cir. 1991).

When reviewing a motion to dismiss, the Court must accept as true all allegations in the complaint and must provide the plaintiff with the benefit of all inferences that may be fairly drawn from the contents of the complaint.  Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d Cir. 1993); Wilson v. Rackmill, 878 F.2d 772, 775 (3d Cir. 1989).  The Court may not grant a motion to

dismiss unless it is certain that no set of facts can be proven that would entitle the plaintiff to relief.  Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Milhouse v. Carlson, 652 F.2d 371, 373 (3d Cir. 1981).

## III.   FEDERAL CLAIMS

### A.   Fourth Amendment Claims

Plaintiff concedes that his Fourth Amendment claims for illegal search and seizure and false arrest are barred by the United States Supreme Court's decision in Wallace v. Kato, 127 S. Ct. 1091 (2007).  These claims are therefore dismissed.

### B.   Fourteenth Amendment Claims

#### 1.   Statute of Limitations

In a prior post-Wallace opinion in this case, the Court held that Plaintiff's state law claims for racially-motivated selective enforcement of the laws were timely filed under the Heck deferred accrual rule.  Gibson V.  The Court reviewed the Third Circuit's opinion in this case, where it held that "[b]ecause a successful claim of selective enforcement under the Fourteenth Amendment Equal Protection Clause would have necessarily invalidated Gibson's conviction, under the Heck deferred accrual rule the statute of limitations did not begin to run until his sentence was vacated and this claim is not untimely."  Gibson III, 411 F.3d at 441.  The same analysis applies to Plaintiff's claims under New Jersey law and Plaintiff's federal claims under the Constitution.  Though aware that other courts have disagreed with that analysis, see Clarke v. New Jersey State Police, Civ. No. 03-3240, 2007 WL 4554254, *5-6 (D.N.J. Dec. 20, 2007); Richards v. County of Morris, Civ. No. 07-1995, 2007 U.S. Dist. Lexis 49290, *14-16  (D.N.J. July 5, 2007), and in the absence of further guidance from the Third Circuit, this Court continues

6

to hold that because the <u>Heck</u> rule applies to Plaintiff's claim of selective enforcement of the laws, that claim is not time-barred.  Accordingly, the Court does not need to reach Plaintiff's equitable estoppel argument.

### 2.      Collateral Estoppel

The Trooper Defendants and the NJTA Defendants also argue that Plaintiff is collaterally estopped from bringing his selective enforcement claim before this Court based on the prior adjudication of the selective enforcement issue in Plaintiff's criminal and post-conviction proceedings in state court.  (Defs.' Mot. 68.)  Defendants' argument is fundamentally flawed because the opinion on which it is based has been vacated.

Because the prior proceedings took place in the state courts of New Jersey, this Court must analyze any preclusive effects under New Jersey state law.  28 U.S.C. § 1738 (2006); <u>Allen v. McCurry</u>, 449 U.S. 90, 96 (1980).  Collateral estoppel, under New Jersey law, prevents re-litigation of an issue where (1) the issue to be precluded is identical to the issue decided in the prior proceeding; (2) the issue was actually litigated in the prior proceeding; (3) the court in the prior proceeding issued a final judgment on the merits; (4) the determination of the issue was essential to the prior judgment; and (5) the party against whom the doctrine is asserted was a party or in privity with a party to the earlier proceeding.  <u>Hennessey v. Winslow Tp.</u>, 183 N.J. 593, 599 (2005).

The judgment on which Defendants purport to rely cannot meet the third of these requirements because it is no longer valid.  In 2002, the State of New Jersey moved to vacate Plaintiff's conviction and dismiss with prejudice the indictment that led to his conviction, and Judge Walter Barisonek vacated Plaintiff's conviction on April 19, 2002.  Defendants argue that

7

the vacatur "does not alter the fact that Gibson had full and fair opportunity to present his racial profiling argument in 1999, and he lost." (Defs' Mot. 14.)  However, "[s]hould [a] judgment be vacated by the trial court or reversed on appeal. . . res judicata falls with the judgment."  18A Charles Alan Wright et al., Federal Practice and Procedure § 4427 (2d ed. 2002).  See also DeNafo v. Finch, 436 F.2d 737, 740 (3d Cir. 1971); Perez v. Rent-A-Center, Inc., 186 N.J. 188, 200 (N.J. 2006) ("Obviously, once a vacatur motion is granted, collateral esoppel will not apply, because the requisite judgment on the merits will be lacking.")  Defendants' collateral estoppel arguments are without merit.

**3.     Selective Enforcement Claim**

Defendants argue that regardless of the existence of a racial motivation for the Trooper Defendants' actions, Plaintiff's claim of selective enforcement of the laws under the 14th Amendment must fail because the stop, search, and arrest of Plaintiff was supported by probable cause.  The Trooper Defendants submit that if their conduct "passes 4th Amendment muster, the conduct did not deprive Gibson of his 14th Amendment right to the law's equal protection." (Defs.' Mot. 20.)  This argument fails as a matter of law.  As the Third Circuit explained in its prior Opinion in this case, the existence of probable cause under the Fourth Amendment will not vitiate a claim for selective prosecution under the Fourteenth Amendment.  Gibson III, 411 F.3d at 440-41.  See Carrasca v. Pomeroy, 313 F.3d 828, 836 (3d Cir. 2002) ("equal protection claims under the Fourteenth Amendment require a wholly separate analysis from . . . claims under the Fourth Amendment"); Bradley v. United States, 299 F.3d 197, 205-6 (3d Cir. 2002).  The Court instead must instead turn to equal protection jurisprudence to analyze Plaintiff's selective enforcement under the Fourteenth Amendment.

To show a violation of the equal protection clause, Plaintiff must show that Defendants' actions had a discriminatory effect and were motivated by a discriminatory purpose.  Arlington Heights v. Metro. Housing Dev. Corp., 429 U.S. 252, 264-66 (1977).  For the discriminatory effect element, Plaintiff must show that he is a member of a protected class and was treated differently from similarly situated individuals not in that protected class.  Bradley, 299 F.3d 197, 206; Chavez v. Illinois State Police, 251 F.3d 612, 636 (7th Cir. 2001).  To show discriminatory purpose, Plaintiff must prove that Defendants acted to intentionally discriminate against the protected class.  Id. at 645; Arlington Heights, 429 U.S. at 264-65.  See also United States v. Schoolcraft, 879 F.2d 64, 68 (3d Cir. 1989) (selective prosecution requires evidence that persons similarly situated have not been prosecuted and that decision to prosecute was made on the basis of an unjustifiable standard.)

Though Defendants argue that they are entitled to summary judgment on this claim, such an evaluation would be improper before the conclusion of discovery.  As the parties have clearly not completed discovery in this case (see Docket Entry No. 133 and 145) the Court considers Defendants' arguments under the Rule 12(c) standard and must therefore accept the facts alleged in the Complaint as true.  Plaintiff has plainly alleged actions by the Trooper Defendants that, if proven, would give rise to an Equal Protection violation.  Defendants' motion is denied.

### 4.    Damages

Defendants also assert that Plaintiff is barred from seeking damages on his claims because any injuries Plaintiff suffered were a result of the discovery of his possession of a controlled substance and not as a result of the violation of Plaintiff's constitutional rights.

A plaintiff who is successful in seeking redress for constitutional violations may also seek

damages for injuries resulting from such violations.  Allah v. Al-Hafeez, 226 F.3d 247, 250 (3d
Cir. 2000).  Compensatory damages may be sought where a plaintiff can prove the actual harm
resulting from the violation.  Id.  Punitive damages may be sought where the violation is
intentional or callously indifferent and egregious, in order to punish the perpetrator and deter
future violations.  Smith v. Wade, 461 U.S. 30, 54-56 (1974).  Where a constitutional deprivation
has been found but no actual injury is proven, nominal damages are appropriate.  Carey v.
Piphus, 435 U.S. 247, 266-67 (1978).  Because § 1983 creates a species of tort liability,
applicable compensatory damages are determined in line with common law tort rules.  Memphis
Comm. School Dist. v. Stachura, 477 U.S. 299, 306 (1986).

        Defendants argue that the Third Circuit's decision in Hector v. Watt, 235 F.3d 154 (3d
Cir. 2001) controls and prevents Plaintiff from recovering.  The Court disagrees.  The plaintiff in
Hector was criminally prosecuted after law enforcement officials searched his private airplane
and found controlled substances.  Hector successfully moved to suppress this evidence,  and the
case was dismissed.  He then brought a claim under § 1983 seeking compensatory damages for
the expenses related to his defense.  The Third Circuit, holding that Hector's damage claim
failed, confined its ruling to "narrow issue. . . [of] what type of damages Hector can obtain under
the Fourth Amendment."  Id. at 155.  Hector did not state a Fourteenth Amendment claim, and
the Third Circuit's discussion focused on the nature of the privacy interests protected by the
Fourth Amendment and the exclusionary rule.  Hector's claim was characterized as an attempt to
"continue to benefit from the exclusionary rule in his § 1983 suit."  Id. at 158.  Plaintiff's claim
here is categorically different.  The exclusionary rule and the privacy interests it protects are not
at issue, and Plaintiff instead seeks damages for harm resulting from an alleged selective

prosecution.  As a result, the Court finds that <u>Hector</u> is inapplicable to the present case.

If Plaintiff succeeds in proving that his constitutional rights were violated, he would still need to prove that he suffered actual harm from the violation in order to seek compensatory damages, and he would still need to prove that the violation was egregious and intentional or callously indifferent to his rights in order to seek punitive damages.  Obviously the Court expresses no opinion on these issues at this time.  Defendants' motion to dismiss Plaintiff's damage claims is denied.

### 5.    Conspiracy to Violate Civil Rights

The Trooper Defendants ask the Court to dismiss Plaintiff's conspiracy  claims under § 1983 and § 1985 for failure to state a claim, arguing that Plaintiff did not allege the agreement required for a conspiracy claim and that the existence of probable cause makes it impossible for Plaintiff to prove that Defendants committed the unlawful act required for conspiracy.  As discussed above, the existence of probable cause is irrelevant to whether the Trooper Defendants conspired to violate Plaintiff's civil rights by selectively enforcing the laws against him because of his race.

To prove that the Trooper Defendants conspired to violate his civil rights, in violation of 42 U.S.C. § 1985, Plaintiff must prove the existence of  (1) a conspiracy motivated by invidious discriminatory animus, (2) for the purpose of depriving him, either directly or indirectly, of the equal protection of the laws, (3) that there was an act in furtherance of the conspiracy; and (4) that he was, as a result, injured in his person or deprived of any right or privilege of a citizen of the United States.  See <u>Farber v. City of Paterson</u>, 440F.3d 131, 134 (3d Cir. 2006); <u>Griffen v. Breckenridge</u>, 403 U.S. 88 (1971).  Accepting Plaintiff's allegations as true, as required on a

motion to dismiss, the Court finds that Plaintiff has adequately alleged that the Trooper

Defendants engaged in a conspiracy motivated by race-based discrimination, that the Trooper

Defendants selectively enforced the laws based on this racial discrimination, and that Plaintiff

suffered harm as a result.  Defendants' motion is denied.

## IV.    STATE LAW CLAIMS

Defendants argue that Plaintiff's state law claims are barred and should be dismissed

because the New Jersey Civil Rights Act, N.J. Stat. Ann. §§ 10:6-1-2  ("NJCRA"), is the vehicle

to bring such claims, and the NJCRA did not exist until after Plaintiff's claims arose.  (Defs.'

Mot. 59.)  Defendants' argument fails because the New Jersey Constitution itself provides a

cause of action to seek redress for violations of rights it guarantees.  Scully v. Borough of

Hawthorne, 58 F. Supp. 2d 435, 459 (D.N.J.1999) ("The New Jersey Supreme Court has held

that the Constitution of the State of New Jersey may provide a private cause of action premised

upon alleged violations of the State constitution."); Peper v. Princeton Univ. Bd. of Trustees, 77

N.J. 55, 76-80, 389 A.2d 465 (1978).  Indeed, Plaintiff's complaint pleads directly under the New

Jersey Constitution in seeking a remedy for violations of his state constitutional rights.

Defendants' motion to dismiss Plaintiff's state law claims is denied.

## V.    CONCLUSION

For the reasons given above, Plaintiff's claim of racially-selective enforcement of the law

under the Fourteenth Amendment remains, as does Plaintiff's claim of selective enforcement

under the New Jersey state law.  Plaintiff may seek damages on these claims.  Defendants'

motions as to these claims are therefore denied.  Plaintiff's claims under the Fourth Amendment

are dismissed.

Dated:   2/05/2008                              /s/ Robert B. Kugler
                                           ROBERT B. KUGLER
                                           United States District Judge