NOT FOR PUBLICATION (Docket No. 193)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| EMORY E. GIBSON, JR., | : |
| Plaintiff, | : Civil No. 02-5470 (RBK/AMD) |
| v. | : **OPINION** |
| SUPERINTENDENT OF NEW JERSEY DEPARTMENT OF LAW & PUBLIC SAFETY-DIVISION OF STATE POLICE, NEW JERSEY TURNPIKE AUTHORITY, SEAN REILLY, J.W. PENNYPACKER, | : |
| Defendants. | : |

**KUGLER**, United States District Judge:

Presently before the Court is a motion by Defendants New Jersey State Troopers Sean Reilly and J. W. Pennypacker ("Trooper Defendants") for summary judgment on the Complaint of Plaintiff Emory Gibson ("Plaintiff"), which alleges violations of Plaintiff's rights as guaranteed by the United States and New Jersey Constitutions. Because Plaintiff's claims against the Trooper Defendants for selective enforcement and conspiracy are time-barred, this Court will grant the Trooper Defendants' motion.

**I.     BACKGROUND[1]**

---

[1] The factual background of this matter is recounted in detail in this Court's previous opinions in this case, particularly in Gibson v. Superintendent of New Jersey Dep't of Law and Public Safety, Docket Nos. 30, 31, Civ. No. 02-5470 (D.N.J. Dec. 12, 2003) ("Gibson I"). Therefore, this Opinion will include only those facts pertinent to the Trooper Defendants and the disposition of the summary judgment motion presently before the Court.

On October 28, 1992, New Jersey State Troopers Reilly and Pennypacker stopped a vehicle containing three black occupants on the New Jersey Turnpike.  Reilly and Pennypacker searched the automobile, discovered drugs, and arrested the three occupants for possession.  Plaintiff, a passenger in the vehicle at the time of the stop, was subsequently convicted of drug offenses in the Superior Court of New Jersey, Salem County, on April 21, 1994.  While incarcerated, Plaintiff filed a motion for post-conviction relief on February 18, 1999.  The Superior Court of New Jersey vacated Plaintiff's conviction on April 19, 2002 on the grounds that "there was a colorable basis to believe that Plaintiff's stop and arrest was the result of an unlawful racial profiling stop."  Gibson v. Superintendent of New Jersey Dep't of Law and Public Safety, Docket No. 30, Civ. No. 02-5470, at 10 (D.N.J. Dec. 12, 2003) ("Gibson I").

Plaintiff filed the above-captioned civil action on November 14, 2002 against several state defendants, including Defendant Troopers Reilly and Pennypacker.  On December 12, 2003, this Court dismissed as time-barred Plaintiff's claims for unreasonable stop and search under the Fourth Amendment, and Plaintiff's claims for selective enforcement under the Fourteenth Amendment.  In the second opinion in this case, Gibson v. Superintendent of New Jersey Dep't of Law and Public Safety, Docket Nos. 41, 42, Civ. No. 02-5470 (D.N.J. Feb. 24, 2004) ("Gibson II"), this Court dismissed Plaintiff's claims for denial of access to courts and Plaintiff's conspiracy claims against Defendants Reilly and Pennypacker.  Gibson II, at 15-17.

Plaintiff appealed this Court's decisions in Gibson I and II to the Third Circuit.  In an Opinion issued June 14, 2005, the Third Circuit affirmed in part and reversed in part.  Gibson v. Superintendent of New Jersey Dep't of Law and Public Safety, 411 F.3d 427 (3d Cir. 2005) ("Gibson III").  In particular, the Third Circuit reinstated Plaintiff's claims in "Count One under 42 U.S.C. § 1983 that the Troopers violated his Fourth Amendment rights, and unconstitutionally

subjected him to selective enforcement of the laws in violation of the Equal Protection Clause of the Fourteenth Amendment," Plaintiff's conspiracy claims under 42 U.S.C. §§ 1983 and 1985, and "the state law claims." Gibson III, 411 F.3d at 446. The Court affirmed the "dismissal of all the remaining claims." Id.

In response to motions by the various Defendants to dismiss Plaintiff's claim, this Court concluded that the United States Supreme Court's decision in Wallace v. Kato, 549 U.S. 384 (2007) effectively superceded the Third Circuit's decision with regard to Plaintiff's state constitutional claims of false arrest and illegal search. Gibson v. Superintendent of New Jersey Dep't of Law and Public Safety, Docket Nos. 119, 120, Civ. No. 02-5470 (D.N.J. Mar. 29, 2007) ("Gibson V"). This Court further found that because Wallace addressed a plaintiff's claim for false arrest and false imprisonment, whereas the Third Circuit's Opinion in Gibson III specifically addressed Plaintiff's claim for selective enforcement, this Court continued to be bound by Gibson III. Therefore, in Gibson V, this Court held that Plaintiff's claims for racially selective enforcement of the laws were not time-barred.

Subsequently, the Trooper Defendants moved to dismiss the claims against them alleged under the New Jersey Constitution. This Court, accepting Plaintiff's concession that his Fourth Amendment claims for illegal search and seizure and false arrest are barred in light of the Wallace decision, dismissed those claims. Gibson v. Superintendent of New Jersey Dep't of Law and Public Safety, Docket Nos. 159, 160, Civ. No. 02-5470 (D.N.J. Feb. 5, 2008) ("Gibson VII"). Considering a wide array of arguments advanced by the Trooper Defendants as to the merits of Plaintiff's claims of selective enforcement of the law under the Fourteenth Amendment and under New Jersey state law, this Court held that Plaintiff's claims could not be resolved on

summary judgment. Gibson VII, at 12. The Court also held that Plaintiff may seek damages on those claims. Id.

In the motions now before the Court, the Trooper Defendants move for summary judgment on Plaintiff's Complaint as to the selective enforcement claims and conspiracy claims, arguing again that these claims are time-barred.

## II.     STANDARD

Summary judgment is appropriate where the Court is satisfied that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 330, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). A genuine issue of material fact exists only if "the evidence is such that a reasonable jury could find for the non-moving party." Anderson v. Liberty Lobby, Inc, 477 U.S. 242, 248 (1986). When the Court weighs the evidence presented by the parties, "[t]he evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in [his] favor." Id. at 255.

The burden of establishing the nonexistence of a "genuine issue" is on the party moving for summary judgment. Celotex, 477 U.S. at 330. The moving party may satisfy this burden by either (1) submitting affirmative evidence that negates an essential element of the nonmoving party's claim; or (2) demonstrating to the Court that the nonmoving party's evidence is insufficient to establish an essential element of the nonmoving party's case. Id. at 331.

Once the moving party satisfies this initial burden, the nonmoving party "must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). To do so, the nonmoving party must "do more than simply show that there is some metaphysical doubt as to material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).

Rather, to survive summary judgment, the nonmoving party must "make a showing sufficient to establish the existence of [every] element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322. Furthermore, "[w]hen opposing summary judgment, the nonmovant may not rest upon mere allegations, but rather must 'identify those facts of record which would contradict the facts identified by the movant.'" Corliss v. Varner, 2007 WL 2709661 at *1 (3d Cir. Sept. 17, 2007) (quoting Port Auth. of N.Y. and N.J. v. Affiliated FM Ins. Co., 311 F.3d 226, 233 (3d Cir. 2003)).

In deciding the merits of a party's motion for summary judgment, the court's role is not to evaluate the evidence and decide the truth of the matter, but to determine whether there is a genuine issue for trial. Anderson, 477 U.S. at 249. Credibility determinations are the province of the factfinder, not the district court. BMW, Inc. v. BMW of N. Am., Inc., 974 F.2d 1358, 1363 (3d Cir. 1992).

## III. DISCUSSION

Defendants argue that Gibson's claims regarding the unconstitutionality of the automobile stop and search are barred by the two-year statute of limitations because they accrued on the date of the automobile stop in October 1992.[2] This Court first addresses whether Plaintiff's claims for selective enforcement are barred, and next addresses whether Plaintiff's claims for conspiracy are barred.

### 1. Selective Enforcement

---

[2] The parties agree that a two-year limitations period applies to Gibson's Section 1983 claims. In Wilson v. Garcia, 471 U.S. 261 (1985), the Supreme Court held that the appropriate limitations period for actions brought under Section 1983 is the state limitations period governing a tort action for the recovery of damages for personal injuries. Wilson v. Garcia, 471 U.S. 261 (1985). In New Jersey, a two-year statute of limitations governs personal injury claims. N.J. Stat. Ann. §2A:14-2.

Defendant argues that Plaintiff seeks to bring a claim against the Trooper Defendants for selective enforcement, and that this claim must be dismissed because the relevant statute of limitations has run. Def. br. at 36. As explained below, the Court agrees.

In general, a § 1983 claim begins to accrue when the aggrieved party knew or had reason to know of his constitutional injury. Montgomery v. De Simone, 159 F.3d 120, 126 (3d Cir. 1998). In this Court's Opinion in Gibson VI, this Court found that Plaintiff's claims for selective enforcement of the laws remained against the Trooper Defendants because those claims accrued only after Plaintiff's sentence in the underlying matter was vacated. Gibson VI, at 9 (citing Gibson III, 411 F.3d at 441). Subsequently, the Third Circuit decided Dique v. N.J. State Police, 603 F.3d 181 (3d Cir. 2010). The Third Circuit held in Dique that a plaintiff's Section 1983 selective enforcement claim and Section 1985 conspiracy claim accrues for limitations purposes when the plaintiff is stopped and arrested by law enforcement officers. Id. at 188. Defendant argues that Dique controls over the facts of this case and warrants dismissal of this case, since Plaintiff's claims have been brought past the expiration of the relevant statute of limitations. Def. br. at 35. This Court agrees.

This Court has previously held that Plaintiff's selective enforcement claims must be dismissed because the statute of limitations had expired. Gibson I, at 10. Though this Court's previous holding to that effect was overruled in Gibson III, see Gibson III, 411 F.3d at 446, the Third Circuit subsequently ruled in Dique that Wallace "overrides [the] decision in Gibson [III]." Dique, 603 F.3d at 183. Specifically, the Dique Court held that the statute of limitations in a case of selective enforcement begins to run at the time the complainant becomes "detained pursuant to legal process." Id. at 188 (citing Wallace, 549 U.S. at 397).

For the above reasons, this Court reaffirms its holding in <u>Gibson I</u>. There, this Court held that:

> [T]he logical flow of damages for a claim of selective enforcement by police officers in the context of an automobile stop stems from the initial automobile itself. Thus, Plaintiff's constitutional injury on his selective enforcement claims would have occurred when the Trooper Defendants stopped Plaintiff's car for racially discriminatory reasons. Plaintiff had reason to know of his constitutional injury at that time. Because this action was filed more than two years after the automobile stop, Gibson's claims under §1983 for selective enforcement in violation of the Fourteenth Amendment are time-barred.

<u>Gibson I</u>, at 23-24. Therefore, the Trooper Defendants are entitled to summary judgment in their favor on the issue of Plaintiff's claims for selective enforcement.

### 2. Selective Prosecution

Plaintiff does not dispute that the date of accrual of a claim for selective enforcement would be governed by the Third Circuit's holding in <u>Dique</u>. Instead, Plaintiff argues that his claim against the Trooper Defendants is not for selective enforcement, but rather for selective prosecution. Plaintiff further argues that <u>Dique</u> would not bar Plaintiff's claim for selective prosecution, since a claim for selective prosecution would begin to accrue only after the entire prosecution and incarceration in the underlying criminal proceedings have concluded. Pl. br. at 3-4. Plaintiff further argues that "a police officer can be liable for a malicious prosecution where he causes a prosecution to occur, even though a prosecutor handles the case in court." Pl. br. at 6 (citing <u>Gallo v. City of Philadelphia</u>, 161 F.3d 217 (3d Cir. 1998)).

Defendant responds that the Complaint clearly alleges a claim for selective enforcement against the Trooper Defendants, and that this claim cannot fairly be construed as a selective prosecution claim. The Court agrees with the Trooper Defendants.

In order to establish a claim for selective prosecution, a plaintiff must establish: 1) that the government did not arrest or prosecute similarly situated individuals, and 2) that the decision

to prosecute was based on race. United States v. Johnson, 94 Fed. Appx. 964, 965 (3d Cir. 2004); United States v. Schoolcraft, 879 F.2d 64, 68 (3d Cir. 1989). The legal merit of the underlying prosecution is not dispositive of a claim for selective prosecution. Desi's Pizza, Inc. v. City of Wilkes-Barre, 321 F.3d 411, 424-25 (3d Cir. 2003) ("It is well established . . . that selective prosecution may constitute illegal discrimination even if the prosecution is otherwise warranted.").

The Court notes that Plaintiff has previously asserted that his "complaint, in large part, is based on a claim of selective *enforcement* in violation of the Fourteenth Amendment." Gibson I, at 21 (emphasis supplied). Plaintiff's Complaint, even when read in a light most favorable to Plaintiff, cannot be understood to state a claim for selective prosecution. In other words, Plaintiff has failed to allege sufficient facts to allow a factfinder to conclude that the Trooper Defendants "caused" the prosecution to occur.[3]

State and Federal prosecutors have broad discretion to present or decline to present a criminal action. A prosecutor abuses his discretion by bringing a prosecution based on an improper motive, such as race. Wayte v. United States, 470 U.S. 598, 607 (1985). As the Trooper Defendants note, the decisions to arraign, indict, and try Plaintiff were all made by prosecutors. Def. br. at 5-7. Therefore, any claim by Plaintiff for selective prosecution must be made against the prosecutors, not the Trooper Defendants.

### 3. Conspiracy

The Trooper Defendants also move for summary judgment on Plaintiff's conspiracy claims advanced under 42 U.S.C. §§ 1983 and 1985, contending that the relevant statute of

---

[3] Notably, the Dique Court specifically remarked that "the facts in Gibson mirror those in [Dique]." Dique, 603 F.3d at 183. As explained above, Dique involved claims for selective enforcement, not selective prosecution.

limitations has not run. Plaintiff does not contest this point. For the reasons below, the Court finds that Plaintiff's conspiracy claims are time-barred.

"A section 1985 claim accrues when a plaintiff knew or should have known of the alleged conspiracy." Dique, 603 F.3d at 189 (citing Bougher v. Univ. of Pitts., 882 F.2d 74, 80 (3d Cir. 1989)). Plaintiff must have known of a conspiracy cause of action against the Trooper Defendants no later than February 8, 2000, the date on which Plaintiff's petition for post-conviction relief was decided by Judge Farrell in the New Jersey Superior Court.[4] During Plaintiff's oral argument before Judge Farrell, Plaintiff's counsel extensively asserted that the Trooper Defendants had conspired to racially profile and had in fact racially profiled Plaintiff prior to stopping Plaintiff's vehicle. Def. br. at 60-63; Def. Ex. 25, PPCR Motion, at 9-12.

Plaintiff's Complaint was filed on November 14, 2002, more than two years after February 8, 2000. Therefore, Plaintiff's conspiracy claims against the Trooper Defendants must be dismissed as time-barred.

## IV.   CONCLUSION

Based upon the foregoing, the Court GRANTS summary judgment for the Trooper Defendants. The accompanying Order shall issue today.

Dated: 2/3/12                                            /s/ Robert B. Kugler
                                                                       ROBERT B. KUGLER
                                                                       United States District Judge

---

[4] As the Trooper Defendants note in their brief, there are numerous earlier points at which Plaintiff could well have been aware that he was able to bring a conspiracy claim against the Trooper Defendants. Def. br. at 73 n.32. This Court addresses only the February 8, 2000 date because it is the clearest example of when Plaintiff must have been aware of his ability to bring a conspiracy claim against the Trooper Defendants.